Rose M. DEWS–MILLER, Appellant

v.

Hillary Rodham CLINTON, Appellee.

No. 10–5288.

United States Court of Appeals,
District of Columbia Circuit.

Oct. 11, 2011.

Charles Grant Byrd, Jr., Alston & Byrd, Baltimore, MD, for Appellant.

John G. Interrante, R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Appellee.

Before: SENTELLE, Chief Judge, GRIFFITH, Circuit Judge, and SILBERMAN, Senior Circuit Judge.

## *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. R. 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed April 27, 2010 be affirmed for the reasons stated in the memorandum accompanying this judgment.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing *en banc. See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.

## MEMORANDUM

Appellant Rose Dews–Miller, a former United States Information Agency (USIA) employee, sued Secretary of State Hillary Clinton in her official capacity. Appellant alleged that USIA—part of the State Department until its dissolution in 1999—engaged in unlawful retaliatory administrative actions against appellant between 1995 and appellant's termination from USIA in 1996, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, the Civil Service Reform Act, 5 U.S.C. § 1101 *et seq.*, the Whistleblower Protection Act of 1989, 5 U.S.C. § 2302, and the U.S. Constitution.

Appellant has abandoned her constitutional claims on appeal, and she has not shown any error in the district court's dismissal of the remainder of her claims. She fails to demonstrate any flaws in the district court's thorough analysis of the numerous jurisdictional and procedural barriers to her claims. Those defects included that (1) she failed to exhaust most of her Civil Service Reform Act claims and cannot now avail herself of different procedural routes to bring these claims, which are also barred by collateral estoppel; (2) her claims regarding violations of a 1995 settlement agreement with USIA are either (a) barred by res judicata and collateral estoppel, (b) outside our jurisdiction under the Tucker Act; (c) not subject to ancillary jurisdiction, or (d) barred by the statute of limitations; and (3) several of appellant's Title VII claims were barred either because (a) these claims were not exhausted, since they were insufficiently related to claims contained in appellant's EEOC complaint, or (b) these claims were collaterally estopped because the EEOC previously dismissed them as untimely. Appellant's cursory challenges to these holdings misstate applicable law and mis-

apprehend the district court's legal reasoning and its application of the law to the facts.

The only other issue before us is whether the district court erred in granting summary judgment to appellee on the properly exhausted Title VII claims because, as appellant argues, material facts regarding USIA's allegedly retaliatory acts were in dispute. Here, appellee advanced legitimate, non-retaliatory reasons for the negative performance reviews, denial of a raise, denial of leave, and termination that appellant challenges, namely that appellant was tardy and delinquent in her duties and failed to timely provide required documentation.

Under these circumstances, "the only question is whether the employee's evidence creates a material dispute on the ultimate issue of retaliation 'either directly by [showing] that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.'" *Jones v. Bernanke,* 557 F.3d 670, 678 (D.C.Cir.2009) (quoting *U.S. Postal Serv. Bd. of Governors v. Aikens,* 460 U.S. 711, 716, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983)). Appellant has adduced no such evidence, instead asserting that the retaliatory animus behind USIA's actions was self-evident based on their timing. That is insufficient.